IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR No. 05-134T |
| | ) | |
| VAN ANH | ) | |
| KHONG NGUYEN | ) | |
| QUOC NGUYEN | ) | |
| THINH CAO | ) | |

**GOVERNMENT'S MOTION PURSUANT TO**
**LR Cr 17 AND FED.R.CRIM.P. 17(c)(1)**
**SUBPOENA DUCES TECUM**

Comes now the United States of America, by and through its attorneys Robert Clark Corrente, United States Attorney, and James H. Leavey, Assistant United States Attorney, and moves, pursuant to LR Cr 17 and Fed.R.Crim.P. 17(c)(1), for permission to issue the attached subpoenas for the production, before trial, of the telephone and bank records called for in said subpoenas for reasons stated in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

James H. Leavey
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

CERTIFICATION OF SERVICE

I hereby certify that on this 20th day of March, 2006, I served by first class mail, postage prepaid, a copy of the within Government's Motion Pursuant to LR Cr 17 and Fed.R.Crim.P. 17(c)(1) for Subpoenas Duces Tecum, along with its accompanying Memorandum, to the following:

James McCormick, Esquire
128 Dorrance Street - Suite 330
Providence, RI 02903

John F. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909

Judith Crowell, Esquire
127 Dorrance Street
Providence, RI 02903

C. Leonard O'Brien, Esquire
101 Dyer Street
Providence, RI 02903

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR No. 05-134T |
| | ) | |
| VAN ANH | ) | |
| KHONG NGUYEN | ) | |
| QUOC NGUYEN | ) | |
| THINH CAO | ) | |

**MEMORANDUM IN SUPPORT OF**
**GOVERNMENT'S MOTION PURSUANT TO**
**LR Cr 17 AND FED.R.CRIM.P. 17(c)(1)**
**SUBPOENA DUCES TECUM**

The government is requesting approval to issue the attached subpoenas to various telephone companies and one bank. LR Cr 17 requires that the government apply to this Court for permission to issue the same for pretrial production. FRCrP 17(c)(1) permits the production of subpoenaed documents prior to trial, unless compliance would be "unreasonable or oppressive." The First Circuit has ruled that in order to require production prior to trial, the movant must establish relevancy, admissibility, and specificity. United States v. LaRouche Campaign, et al, 841 F.2d 1176, 1179 (1st Cir. 1988), citing United States v. Nixon, 418 U.S. 683, 699-700 1974). The government submits that each of these requests meets the LaRouche test.

FACTS OF THE CASE

Tommy Nguyen (hereinafter referred to as "Tommy") manages a nail salon, called Nail Tech, in West Warwick, Rhode Island. (Nguyen is a very common Vietnamese name and with the exception

of Quoc Nguyen and Khong Nguyen, none of the defendants and/or witnesses is related.)

Tommy placed bets through a friend Liem in Ohio. Liem placed his own and Tommy's bets through a bookmaker in Georgia named Hop Cao. Payment of winnings and losses would be made by or through Liem or Hop Cao. On March 29, 2005, Tommy Nguyen sent Hop Cao a wire transfer for $10,000 into Wachovia Bank, Norcross, Georgia.

In early 2005, Tommy placed and lost $12,000 in bets through Liem. The bets consisted of $6,800 of Tommy's bets and $5,200 for a friend, Hung. A few weeks later, Van Anh called and demanded the $12,000. A few minutes later, Van Anh, Khong and a third individual came to Tommy's salon and demanded the gambling debt.

After verbal threats were made, Tommy subsequently made two $2,000 payments in cash, and two payments by check to Van Anh and Khong for a total of $6,800. One check for $2,000 was made payable to Van Anh and one for $800 was made payable to Hop Cao.

Van Anh demanded the remaining $5,200. On the evening of July 25, 2005, Quoc, Khong and Thinh Cao came to Tommy's salon and demanded money. Tommy tried to call Van Anh on his cell phone but could not get through. Thinh Cao then called Van Anh, put Tommy on the cell phone, and again Van Anh demanded money. When the conversation ended and Tommy refused to pay, Khong and

Quoc began to beat him. Thinh Cao was observed with a black gun (or possibly a black handled machete) in his belt. Tommy broke free after his co-manager interceded, and ran away with Quoc and Khong chasing him. After police were called at 8:55 p.m., Thinh Cao picked up Quoc and Khong in Khong's automobile and all three fled. Their license plate was broadcast and Massachusetts State Police stopped them in Massachusetts. A black handled machete was found in the car. The three defendants consented to return to Rhode Island. After advice of rights, Quoc Nguyen admitted he and the others went to Nail Tech to collect a $2,000 gambling debt owed by Tommy. Thinh Cao also waived his Miranda rights and stated that Quoc Nguyen went to the nail salon to collect a $2,000 gambling debt and when Tommy refused to pay, Quoc punched him.

## ARGUMENT

Initially, the government would note that the time limits listed in each subpoena are less than and within the duration of the conspiracy charged in the indictment, i.e. March 1, 2005 to August 31, 2005. Second, each of the toll records requested pertains to a named defendant and specific telephone numbers in the case. The one subpoena for bank records pertains to two transactions in a specific bank account of Hop Cao, an individual whose name was put on a check given to Van Anh in partial payment

of the gambling debt Van Anh and others were collecting which is the subject matter of the indictment.

Relevancy of the subpoenaed telephone records is established in that they show association among the various conspirators. The First Circuit has found that evidence of prior association of co-conspirators is highly probative. United States v. Fields, 871 F.2d 188, 196 (1st Cir. 1989). (Evidence of prior arrests of two defendants relevant and highly probative because it showed prior association.) Of course, in the instant case, the evidence of telephone contact would not even involve Rule 404(b). Telephone charts are, of course, admissible. United States v. Drougas, 748 F.12d 824-825 (1st Cir. 1984). The records are also expected to show the very telephone calls which occurred to Van Anh during the actual assault on July 25, 2006.

The government will now briefly discuss each of the requested subpoenas.

Exhibit 1:

A. Toll Records - (857) 829-3810. Thinh Cao gave this telephone number to the West Warwick Police as his contact number. It appears on several occasions on Van Anh's telephone toll records, which are already in the government's possession and previously provided to counsel. It is highly relevant, in view of the fact that it not only shows association between the

defendants but also because Thinh Cao denied knowing Van Anh in his interview with the FBI.

B. Toll Records - (617) 201-4239. Cellular telephone subscribed to by Van Anh. A Grand Jury subpoena for records up through July 31, 2005 was complied with only to the extent of up to July 17, 2005, due to the billing cycle. These records will probably show the calls to and from Van Anh and Tommy Nguyen and most probably will show calls to and from Thinh Cao and Quoc Nguyen and Khong Nguyen as well. Records up to July 17, 2005 have been provided to defense counsel. Furthermore, there were two calls made during the confrontation on July 25, 2005 to Van Anh. One was by Tommy Nguyen to this number in which he was unable to reach Van Anh. This call appears on Tommy Nguyen's toll records. Thinh Cao then called Van Anh on a cellular phone he had with him and put Tommy Nguyen on the phone.

Exhibit 2:

A. Toll Records - (617) 472-6289. Van Anh's home telephone. Van Anh told the FBI that this telephone number was his home telephone number. This was a different number than the one called by Tommy Nguyen on July 25, 2005, and either this number or that of Van Anh's fiancee, Exhibit 3, is the most probable number called by Thinh Cao on July 25, 2005 to reach Van Anh.

B. Toll Records - (617) 519-0430. Khong Nguyen gave this telephone number as his home to the West Warwick Police. This number shows up on numerous calls to Van Anh's telephone number, as noted in Exhibit 1B. The subpoenaed records will corroborate the fact that the telephone is utilized by Khong Nguyen and will probably show additional calls to Van Anh's other telephone numbers as well as calls to and from his other co-defendants.

C. Toll Records - (617) 519-0520. Quoc Nguyen gave this number to the West Warwick Police as his contact number in his booking statement.

Exhibit 3: Toll Records - (401) 345-2882. Van Anh called this number after his arrest. He told the FBI it was the telephone number of his fiancee. See Exhibit 2A above.

Exhibit 4: Bank records for two of the payments of gambling debts by Tommy Nguyen, i.e. a $10,000 wire transfer and an $800 check, both made payable to Hop Cao.

The subpoenas are extremely specific. The toll records can only be obtained by means of these subpoenas and pertain only to the telephone numbers relating to the defendants. The bank records, also obtainable only by subpoena, pertain only to the two transactions involving the payment of gambling debts. The

government submits it has met the LaRouche test and its motion should be granted.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

James H. Leavey
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

## CERTIFICATION OF SERVICE

I hereby certify that on this 20th day of March, 2006, I served by first class mail, postage prepaid, a copy of the within Government's Motion Pursuant to LR Cr 17 and Fed.R.Crim.P. 17(c)(1) for Subpoenas Duces Tecum, along with its accompanying Memorandum, to the following:

James McCormick, Esquire
128 Dorrance Street - Suite 330
Providence, RI 02903

John F. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909

Judith Crowell, Esquire
127 Dorrance Street
Providence, RI 02903

C. Leonard O'Brien, Esquire
101 Dyer Street
Providence, RI 02903