UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED
APR 28 '06
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES :
v. : CR No. 05-00134-01-T
VAN ANH :

**MOTION IN LIMINE TO EXCLUDE STATEMENTS OF CO-DEFENDANT THINH CAO FROM EVIDENCE**

Now comes the defendant, Anh Van, through counsel and, pursuant to Fed. R. Crim. P. 14, respectfully requests that this Honorable Court exclude from evidence testimony that co-defendant Thinh Cao told police that he did not know Mr. Van. As grounds therefor, he states that the admission of this statement would violate his rights to due process and confrontation as guaranteed by the Fifth and Sixth Amendment to the United States Constitution. Moreover, these statements are excludable pursuant to Fed. R. Evid. 403 because their probative value is outweighed by the danger of unfair prejudice. If the Court declines to exclude these statements from evidence, Defendant Van asks that his trial be severed from that of co-defendant Thinh Cao. If neither exclusion of the statement nor severance is granted, Van asks that the jury be instructed that this statement cannot be used as evidence against him.

In further support of this motion, he supplies the accompanying memorandum of law.

**STATEMENT PURSUANT TO LOCAL RULE 12(d)**

The time required for consideration of this motion would constitute excludable time as defined by 18 U.S.C. § 3161(h).

**NEED FOR ORAL HEARING UNDER LOCAL RULE 12(e)**

The defendant requests oral argument on this issue.

Respectfully submitted,

C. Leonard O'Brien, Jr. (# 1886)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
(401) 751-5090

Inga S. Bernstein (Massachusetts BBO# 627251)
Norman S. Zalkind (Massachusetts BBO# 538880)
Zalkind, Rodriguez, Lunt & Duncan LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of April, 2006, I caused a copy of this Motion in Limine to Exclude Statements of Co-Defendant Thinh Cao from Evidence and accompanying Memorandum of Law, to be served by fax and U.S. mail, postage pre-paid, to the following:

James H. Leavey, Esq.
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Judith Crowell, Esq.
128 Dorrance Street, 4th Floor
Providence, RI 02903

James T. McCormick
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903

John F. Cicilline
387 Atwells Avenue
Providence RI 02909

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES | : | |
| v. | : | CR No. 05-00134-01-T |
| VAN ANH | : | |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE STATEMENTS OF CO-DEFENDANT THINH CAO FROM EVIDENCE**

In its Pretrial Memorandum the Government indicates that it intends to offer the statement of Co-Defendant Thinh Cao in which he denied knowing Defendant Anh Van. The Government also indicated that it intends to offer certain telephone records, some of which were only recently produced in discovery, which show telephone contact between telephones subscribed to by Van and Cao. The statement should be excluded for a number of reasons, outlined below. In the event that the statement is not excluded, Defendant Van seeks a severance from Defendant Cao.

The Cao statement should be excluded to protect Van's right to confront the witnesses against him and, thereby, preserve his right to due process and a fair trial as guaranteed by the Fifth and Sixth Amendments to the United States Constitution. It is well settled that a defendant's fair trial rights are compromised by the admission of an extrajudicial statement made by a non-testifying co-defendant, because there is no opportunity for confrontation. Bruton v. United States, 391 U.S. 123 (1968); Crawford v. Washington, 541 U.S. 36, 1374 (2004) (holding that the Confrontation Clause categorically bars the introduction of testimonial hearsay statements unless the accused is afforded the right of confrontation); United States v. Vega Molina, 407 F.3d 511, 521 (1st Cir. 2005).

Cao's statement is also excludable pursuant to Fed. R. Evid. 403 because its probative value is outweighed by the danger of unfair prejudice.

If the Court declines to exclude these statements from evidence, Defendant Van asks that his trial be severed from that of co-defendant Thinh Cao, as required by Bruton and Fed. R. Crim. P. 14.

Finally, if the statement is admitted and Van is not severed from being tried with Cao, he asks that an instruction be given to the jury at the time that evidence is admitted that Cao's statement cannot be taken as evidence against Van. Richardson v. Marsh, 481 U.S. 200, 206 (1987); Bruton, 391 U.S. at 135-36; Vega Molina, 407 F.3d at 521.

Respectfully submitted,

C. Leonard O'Brien, Jr. (# 1886)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
(401) 751-5090

Inga S. Bernstein (Massachusetts BBO# 627251)
Norman S. Zalkind (Massachusetts BBO# 538880)
Zalkind, Rodriguez, Lunt & Duncan LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of April, 2006, I caused a copy of this Motion in Limine to Exclude Statements of Co-Defendant Thinh Cao from Evidence and accompanying Memorandum of Law, to be served by fax and U.S. mail, postage pre-paid, to the following:

James H. Leavey, Esq.
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Judith Crowell, Esq.
128 Dorrance Street, 4th Floor
Providence, RI 02903

James T. McCormick
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903

John F. Cicilline
387 Atwells Avenue
Providence RI