UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES :
v. : CR No. 05-00134-01-T
VAN ANH :

**MEMORANDUM REGARDING THE ADMISSIBILITY OF TOMMY NGUYEN'S CRIMINAL RECORD**

The alleged victim, Tommy Nguyen's record is admissible to demonstrate bias and motive, and because at least one of his prior convictions involves a crime of dishonesty. Each of these bases for admission are taken up in turn.

Mr. Van's Sixth Amendment right to confront the witnesses against him requires that he be permitted to examine Tommy Nguyen regarding the fact that he is wanted on a warrant out of Georgia for violating probation by failing to pay restitution and perform community service. The fact that Mr. Nguyen is wanted by law enforcement authorities, makes him susceptible to feeling the need to please the police and prosecutors and in this case.

The Supreme Court has consistently "recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." Davis v. Alaska, 415 U.S. 308, 316-17 (1974) (citing Greene v. McElroy, 360 U.S. 474, 496 (1959)); *accord* Olden v. Kentucky, 488 U.S. 227, 231 (1988). Other courts have also made clear that the right to cross examination "is particularly important when the witness is critical to the prosecution's case." United States v. Landerman, 109 F.3d 1053, 1063 (5th Cir. 1997) (citation omitted). Moreover, the question of whether a witness believes that his assistance in a case will benefit him in his own legal issues is for the jury, not the court, to

decide. Id.. at 1062 ("the jury, as the trier of fact, should have been allowed to draw its own inferences regarding [the witness]'s credibility and determine what effect, if any, the pending criminal charge had on [his] motivation to testify"). In short, Mr. Van's constitutional right to confront the witnesses against him requires that his counsel be permitted to examine Tommy Nguyen regarding his outstanding matters.

Tommy Nguyen's conviction for entering an automobile is also admissible because it relates to his honesty. Although this conviction is a misdemeanor, pursuant to Fed. R. Evid. 609(a)(2) it is admissible because it is a crime involving dishonesty. Automobile theft like the one at issue here has, in other First Circuit cases, been deemed admissible for this reason. *See, e.g.,* United States v. Del Toro Soto, 676 F.2d 13, 18 (1st Cir. 1982) (concluding that otherwise time barred grand larceny convictions were admissible on the issue of dishonesty); United States v. Kiendra, 663 F.2d 349, 353 (1st Cir. 1981) ("prior convictions for possession of a stolen vehicle . . . and receiving stolen goods . . . were crimes of "dishonesty"-so-called crimen falsi") Because this charge involves basic issues of dishonesty, it is admissible.

Respectfully submitted,

C. Leonard O'Brien, Jr. (# 1886)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
(401) 751-5090

Inga S. Bernstein (Massachusetts BBO# 627251)
Norman S. Zalkind (Massachusetts BBO# 538880)
Zalkind, Rodriguez, Lunt & Duncan LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020