IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR No. 05-134T |
| | ) | |
| VAN ANH | ) | |
| KHONG NGUYEN | ) | |
| THINH CAO | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANTS MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF TELEPHONE CALLS ON JULY 25, 2005**

Comes now the United States of America, by and through its attorneys Robert Clark Corrente, United States Attorney, and James H. Leavey, Assistant United States Attorney, and files this objection to Defendants Memorandum in Support of Motion in Limine to Exclude Evidence of Telephone Calls on July 25, 2005, for reasons stated in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

James H. Leavey

JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

## CERTIFICATION OF SERVICE

I hereby certify that on this 2nd day of May, 2006, I hand-delivered a copy of the within Government's Objection to Defendants Memorandum in Support of Motion in Limine to Exclude Evidence of Telephone Calls of July 25, 2005, along with its accompanying Memorandum, to the following:

FAX 454-5600
John F. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909

FAX 274-0175
Judith Crowell, Esquire
128 Dorrance Street
Providence, RI 02903

FAX 751-5096
C. Leonard O'Brien, Esquire
101 Dyer Street
Providence, RI 02903

FAX 617-742-3269
Norman Zalkind, Esquire
65A Atlantic Avenue
Boston, MA 02110

James H. Leavey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
vs. ) CR No. 05-134T
)
VAN ANH )
KHONG NGUYEN )
THINH CAO )

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANTS MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF TELEPHONE CALLS ON JULY 25, 2005**

Defendants have filed a motion in limine to prohibit the government from introducing Exhibit 14, the summary of calls on July 25, 2005. They claim that it is prejudicial in that the available evidence suggests Thinh Cao did not possess his telephone on that date. They cite three outgoing telephone calls at 1:45 a.m., 1:48 a.m. and 1:50 a.m., at a time when Cao was in custody. The government did not have time to respond to the Monday motion, but upon review of the toll records, the answer is simple: Cao possessed the telephone while in custody. Cell phones are small and can easily be concealed in the crotch of a man. The police simply missed it during a pat down for weapons.

The entire record, in the government's view, proves this. Exhibit 14 shows numerous calls among Van Anh, Cao, and Khong Nguyen on July 25, 2005. If Mr. X had Cao's telephone, one would have to believe that during the extortion and at the same minute (8:48 p.m.) that Tommy Nguyen was calling Van Anh, Van Anh decided to call Mr. X; a minute after which he called Khong. Within minutes of the 911 call, at 8:59 p.m., Cao called Van Anh for seven

minutes and thirty-one seconds, as they were fleeing the scene. There are no calls from 9:59 p.m. to the three calls at approximately 1:48 a.m. on July 26, 2005. Even more significantly, there are no outgoing calls from that time until after 5:00 p.m. on July 26.

I have reviewed toll records for the five days previous to the date of Cao's arrest.

<u>9:00 p.m. to 1:00 a.m. (outgoing)</u>

July 21, 2005 - 8 calls
July 22, 2005 - 7 calls
July 23, 2005 - 14 call
July 24, 2005 - 19 calls
**<u>July 25, 2005 - 0 calls</u>**
July 26, 2005 - 5 calls

When defendant was placed under arrest by the Massachusetts State Police until the 1:46 a.m. call, there were no outgoing calls. He couldn't have called. He was being transported, processed and was interviewed at 1:00 a.m. (See attached Miranda warnings.) The calls were made after that processing period when he was in a cell and his processing had concluded.

Of more significance is what transpired, or didn't transpire, on the cell phone the following day. At this point, defendant would not be able to conceal making any telephone calls. The West Warwick Police station is certainly busier in the morning; he was fed, he was interviewed by the FBI, and he was sent to District Court where he was not released until late afternoon. A review of the records shows the following:

<u>6:00 a.m. to 5:00 p.m. (outgoing)</u>

July 21, 2005 - 12 calls
July 22, 2005 - 46 calls
July 23, 2005 - 25 calls
July 24, 2005 - 64 calls
July 25, 2005 - 12 calls
**<u>July 26, 2005 - 0 calls</u>**

A review of these records shows that in the five preceding days until the defendant went to court on July 26, 2005, he had made an average of 34 outgoing telephone calls from 6:00 a.m. to 5:00 p.m. On the day he went to court, there were no outgoing telephone calls on his cell phone.

Defendants do not challenge the accuracy of the summary charts. If defendants want to prepare their own summary chart to show the disputed three outgoing calls, the government will, of course, have no objection. The government submits that defendants' argument, while superficially appealing, does not withstand close scrutiny and in any case, is a fact for the jury.

The government respectfully submits that defendants motion in limine should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

CERTIFICATION OF SERVICE

I hereby certify that on this 2nd day of May, 2006, I hand-delivered a copy of the within Government's Objection to Defendants Memorandum in Support of Motion in Limine to Exclude Evidence of Telephone Calls of July 25, 2005, along with its accompanying Memorandum, to the following:

FAX 454-5600
John F. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909

FAX 274-0175
Judith Crowell, Esquire
128 Dorrance Street
Providence, RI 02903

FAX 751-5096
C. Leonard O'Brien, Esquire
101 Dyer Street
Providence, RI 02903

FAX 617-742-3269
Norman Zalkind, Esquire
65A Atlantic Avenue
Boston, MA 02110

James H. Leavey

-2006 15:22 01 458 1199 P.05/05

Peter T. Brousseau
CHIEF OF POLICE

Town of West Warwick

Police Department • 1162 Main Street
West Warwick, Rhode Island 02893-4829
Phone: (401) 821-4323 Fax: (401) 822-9206

Date: 7-26-05
Time: 0100
Location: WWPD
Inc: 05-933-AR

I, Cao Thinh, having been informed that I am suspected of being involved in Robbery / assault, voluntarily, without threats or promises on the part of the police, make the following statement to the West Warwick Police Department, after having been advised that:

_____ 1. I do not have to give a statement.

_____ 2. I have the right to remain silent.

_____ 3. Anything I say can and will be used against me in court.

_____ 4. I have the right to the presence of an attorney prior to and during any questioning by the police.

_____ 5. I have the right to the presence of an attorney during a lineup or confrontation of witnesses if any lineup or confrontation takes place.

_____ 6. If I cannot afford an attorney, one will be appointed for me prior to any questioning if I so desire.

I further admit and agree that:

_____ 7. After having been informed of my constitutional rights, I do understand these rights and agree to give a statement at this time.

_____ 8. I do not want an attorney called or appointed for me at this time.

[signature] #37
Witness/Officer

Refused to sign
Signature

"Courage - Sacrifice - Devotion"