UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES | : | |
| v. | : | CR No. 05-00134-01-T |
| VAN ANH | : | |

**DEFENDANT ANH VAN'S REQUEST FOR JURY INSTRUCTIONS**

Now comes the defendant, Anh Van, through counsel and respectfully requests that this Honorable Court instruct the jury as follows at the conclusion of the trial.

Respectfully submitted,

C. Leonard O'Brien, Jr. (# 1886)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
(401) 751-5090

Inga S. Bernstein (Massachusetts BBO# 627251)
Norman S. Zalkind (Massachusetts BBO# 538880)
Zalkind, Rodriguez, Lunt & Duncan LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of ~~April~~ May, 2006, I caused a copy of this Request for Jury Instructions, to be served by ~~fax and U.S. mail, postage pre-paid,~~ hand to the following:

James H. Leavey, Esq.
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

James T. McCormick
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903

Judith Crowell, Esq.
128 Dorrance Street, 4th Floor
Providence, RI 02903

John F. Cicilline
387 Atwells Avenue
Providence RI 02909

**INSTRUCTION NO. 1**

**Presumption of Innocence, Burden of Proof and Proof Beyond a Reasonable Doubt**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Anh Van, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

As I have said, the burden is upon the Government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions – one that a defendant is guilty as charged, the other that the defendant is not guilty – you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond reasonable doubt. On the other hand, there are very few things in this world that

we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.

First Circuit Pattern Criminal Jury Instructions § 3.02 (2003)
*United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997), *aff'd sub nom. Muscarello v. United States*, 524 U.S. 125 (1998), *recognized as abrogated on other grounds by Brache v. United States*, 165 F.3d 99 (1st Cir. 1999).

**INSTRUCTION NO. 2**

**Defendant's Constitutional Right Not to Testify**

Anh Van has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

First Circuit Pattern Criminal Jury Instructions § 3.03 (2003)

**INSTRUCTION NO. 3**

**Credibility of Witnesses: General**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

First Circuit Pattern Criminal Jury Instructions § 3.06 (2003)

**INSTRUCTION NO. 4**

**Credibility of Witnesses: Prior Inconsistent Statements**

The testimony of a witness may be discredited, or impeached, by showing that he or the previously made a statement or statements which are different from or inconsistent with his or her testimony in court. You may consider the earlier statement to help you decide how much of such a witness's testimony to believe. If you find that the prior statement was not consistent with the witness's testimony at this trial, then you should decide whether that affects the believability of the witness's testimony at trial.

First Circuit Pattern Criminal Jury Instructions § 2.02 (1998)

1A Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions: Criminal* (5th ed. 2000) § 15.06

**INSTRUCTION NO. 5**

**Credibility of Witnesses: Prior Convictions of the Government's Witness**

You have heard evidence that the government's witness, Tommy Nguyen has been convicted of several crimes. You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to his testimony.

First Circuit Pattern Criminal Jury Instructions § 2.04 (2003)

**INSTRUCTION NO. 6**

**Multiple Defendants/Counts**

A separate crime is charged against the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should also be considered separately and individually. In other words, you must give separate consideration to the evidence as to each defendant for each count charged.

Fifth Circuit Pattern Jury Instructions – Criminal § 1.123 (2001)

**INSTRUCTION NO. 7**

**Co-Conspirator Hearsay Exception** [If Appropriate]

I have made certain rulings regarding the admissibility of co-conspirator statements in this case. A co-conspirator statement is a statement made by another defendant or participant in the alleged conspiracy. You may consider a co-conspirator's statement as evidence against a defendant only if the Government has proven three things about the statement beyond a reasonable doubt:

First, that other evidence, apart from the statement, shows that there was a conspiracy between the speaker and the defendant;

Second, that the statement was made while both the speaker and the defendant were members of the conspiracy; and

Third, that the statement was made in order to further or advance the conspiracy.

Only if the Government has proven those three elements beyond a reasonable doubt are you allowed to consider the statement of another defendant or alleged conspirator when you are considering the charges against a defendant in this case.[1] If the Government has not established those three elements to you by credible evidence, then you shall not consider the alleged statement in any way when you consider the evidence against a defendant. Each defendant is entitled to have his case determined solely from the evidence about his own acts and statements.

---

[1] United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir.1977); United States v. Ciampaglia, 628 F.2d 632, 638 (1st Cir. 1980) (party offering the hearsay testimony under the co-conspirator exception must prove "by a preponderance of the evidence that a conspiracy existed, that the declarant and the defendant were members of it at the time the declaration was made and that the declaration was in furtherance of the conspiracy").

**INSTRUCTION NO. 8**

**Government Must Prove Extension of Credit**

The Government must prove that Anh Van engaged in the extortionate extension of credit. An extension of credit is a deliberate act by a creditor. It does not occur merely because a customer defaults on a debt owed. The law that the defendants are alleged to have violated does not make it a crime to use extortion to collect debts, but only to exact repayment of credit previously extended.

To prove an extortionate extension of credit with regard to the collection of a debt, the Government must prove that there was an agreement made with Tommy Nguyen to defer payment of a debt. That agreement may be tacit or explicit. If there is no evidence of such an agreement, then the government has not met its burden of proof beyond a reasonable doubt.

United States v. Boulahanis, 677 F.2d 586, 590-91 (7th Cir.), *cert. denied* 459 U.S. 1016 (1982).

United States v. Hoyle, 237 F.3d 1 (1st Cir.), *cert. denied* 534 U.S. 949 (2001).

**INSTRUCTION NO. 9**

**Demand for Payment is not Extortion**

A demand for money or payment of a debt is not a threat or extortion.

United States v. Zimmitti, 850 F.2d 869, 876 (2nd Cir. 1988) ("[a] demand for money is simply not a threat.")

United States v. Joseph, 781 F.2d 549, 554 (6th Cir.1986) (same).

**INSTRUCTION NO. 10**

**Not Guilty Verdict**

It is not necessary for you to conclude that a defendant is actually innocent in order to return a "not guilty" verdict. Such a verdict only means that the prosecution has not met its burden of proving the defendant guilty beyond a reasonable doubt.

**INSTRUCTION NO. 11**

**Requirement of a Unanimous Verdict**

In order to convict the defendant, you must all agree that the Government has proven each element of each crime with which he is charged beyond a reasonable doubt.