IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. 05-134T |
| | : | |
| VAN ANH | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Introduction

Defendant Van Anh (Anh or defendant) has requested that this Court exercise its discretion and sentence the defendant below the Sentencing Guidelines range. Anh argues that a combination of unique circumstances such as "challenging upbringing", and the facts of his instant conviction entitles him to a sentence below guideline range found by the United States Probation Department. Defendant also objects to the 4 point enhancement for the Role in the Offense. The government disagrees.

Law

In light of United States v. Booker,125 S.Ct 738 (2005), the guidelines are no longer mandatory in terms of their application by District Courts. However, Booker dictates that District Courts must consult the guidelines and must take them into account when sentencing. Compliance with Booker necessitates that guidelines calculations be prepared by the United States Probation Officer. It also necessitates that the Court perform

an analysis, in the appropriate case, as to whether a downward, or upward, departure is warranted. As was the case previous to the Booker decision, District Courts must also consider those factors set forth in 18 U.S.C. § 3553(a), including: the applicable guidelines range; the nature, seriousness and circumstances of the offense; the history and characteristics of the defendant; protection of the public; deterrence to criminal conduct; the need to promote respect for law and provide for just punishment; the needs of the defendant for educational training, vocational training, medical care and other correctional treatment; the need to avoid unwarranted disparities among similarly situated defendants; and restitution concerns.

In terms of a guidelines analysis, pre-Booker case law still applies. Whether the guidelines are mandatory or advisory, such case law interprets and explains the guidelines. Each guideline applies to a heartland of typical cases. United States v. Carrion-Cruz, 92 F.3d 5, 6 (1st Cir. 1996). A District Court has discretion to depart from the guideline range if the Court finds that there exists an "aggravating or mitigating circumstance of a kind, to a degree, not adequately taken into consideration" by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). However, not every mitigating or aggravating circumstance warrants a departure. United States v. Bogdan, 284 F.3d 324, 327 (1st Cir. 2002); United States v. Vasquez, 279 F.3d

77, 80 (1st Cir. 2002), and the guidelines "place essentially no limit on the number of potential factors that may warrant a departure." Burns v. United States, 501 U.S. 129, 136-137, 111 S.Ct. 2182, 2186 (1991).

The guidelines list several factors which are forbidden and cannot be used as grounds upon which to base a guidelines departure. Other factors are described as "encouraged" or "discouraged." If an encouraged factor is present, the Court may base a guidelines departure decision on that factor if the applicable guideline has not already taken it into consideration. If a discouraged factor is present, or the encouraged factor has already been taken into account by the guideline, the Court may depart under the guidelines only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If the particular factor is not mentioned in the guidelines, the Court must decide whether the factor is sufficient to take the case out of the heartland. A departure based on an unmentioned factor will be "highly infrequent." Koon v. United States, 518 U.S. 81, 96, 116 S.Ct. 2035, 2045 (1996); United States v. Dethlefs, 123 F.3d 39 (1st Cir. 1997).

A. Disadvantaged Upbringing

A disadvantaged upbringing is not a relevant ground in determining whether a departure is warranted. USSG § 5H1.12.

While the circumstances of Mr. Anh's childhood may well be true, there is no way for the government to confirm or contradict them. If this were defendant's first offense, then, although a discouraged factor, a disadvantaged childhood may have been something the Court would consider. Defendant is, however, 37 years old and has three serious felony convictions (two of which are federal) on his record. His childhood, in the government's view, is not the reason for his criminal activity and should not be considered.

B. Drug Addiction

Defendant argues that his heroin use "likely contributed to his early encounters with the criminal justice system." (Defendant's Memo p.2.) A court may depart if it finds an aggravating or mitigating circumstance of a kind not taken into consideration by the Sentencing Commission. USSG § 5K2.0(a)(1). Drug addiction does not fall within either category. The First Circuit held that a court erred in granting a downward departure based in whole or in part on drug addiction. United States v. Citro, 838 F.2d 1431, 1439 (1st Cir. 1991) citing United States v. Williams, 891 F.2d 962, 965 (1st Cir. 1989). The Sentencing Commission specifically stated, "Drug . . . dependence . . . is not a reason for a downward departure. USSG § 5H1.4. Furthermore while defendant may have abused heroin when he committed his first felony, his addiction ended in 1992. (PSR ¶

35.) It is no excuse for his 1995 conviction or the instant offense.

C. Role in the Offense

Defendant argues that there is no basis for the enhancement for role in the offense. USSG § 3B1.1(a) mandates a four point increase if the defendant was a ... leader of a criminal activity that involved five or more participants or was otherwise extensive. Defendant further claims that the evidence was ambiguous as to who was the leader. The government sees no ambiguity.

It was the defendant who first demanded the money from Tommy Nguyen ("Tommy"). It was the defendant who stated that the money Tommy lost gambling to Liem in Ohio was his. It was the defendant who agreed to give Tommy time to pay. It was the defendant who took the money on each occasion Tommy paid. It was the defendant who, after Tommy had paid the $6,800 Tommy thought was due, demanded an additional $5,200. It was the defendant who sent Thinh Cao, Khong Nguyen, and Quoc Nguyen to Tommy's place of business on July 25, 2005. And it was the defendant who, based on all the circumstances of the case, ordered the beating of Tommy.

The criminal activity was extensive and involved the four defendants and Liem from Ohio and Hop Cao of Georgia. Indeed, one of the checks given to Van Anh in payment of the gambling

debt was made payable to Hop Cao. Even if the Court is not convinced that there were five or more participants, the criminal activity was extensive. Tommy Nguyen in Rhode Island placed bets with Liem in Ohio and sent payment to Georgia and when he didn't pay, four men from Massachusetts came to collect. The government believes the four point enhancement is warranted.

D. Summary

Based on the above, the government believes that defendant's motion for a sentence below the Guidelines should be denied and that his objection to the enhancement under USSG § 3B1.1(a) should likewise be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar #1700
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov

CERTIFICATION OF SERVICE

On this 14th day of November, 2006, I caused the Government's Sentencing Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:
John F. Cicilline, Esquire
387 Atwells Avenue
Providence, RI 02909

John M. Cicilline, Esquire
381 Atwells Avenue
Providence, RI 02909

Judith Crowell, Esquire
128 Dorrance Street
Providence, RI 02903

C. Leonard O'Brien, Esquire
101 Dyer Street
Providence, RI 02903

Notification by first class mail, postage prepaid:
Inga S. Bernstein, Esquire
Zalkind, Rodriguez, Lunt & Duncan, LLP
65A Atlantic Avenue
Boston, MA 02110

Norman S. Zalkind, Esquire
Zalkind, Rodriguez, Lunt & Duncan, LLP
65A Atlantic Avenue
Boston, MA 02110

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar #1700
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov