UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES | : | |
| v. | : | CR No. 05-00134-01-T |
| VAN ANH | : | |

DEFENDANT ANH VAN'S MEMORANDUM ON SENTENCING

## I. INTRODUCTION

Anh Van, through his attorneys, submits this Sentencing Memorandum to the Court. Mr. Van was found guilty after trial of conspiracy to use extortion to collect a debt and use of extortion to collect a debt. The Probation Department has prepared a comprehensive Presentence Investigation Report and has determined that, pursuant to the Sentencing Guidelines, Mr. Van should be sentenced within the range of 37 to 46 months (offense level 20, criminal history category II). Mr. Van agrees with these calculations but urges that there are grounds for a below guidelines sentence pursuant to 18 U.S.C. § 3553(a) that should be considered by the Court. See discussion infra parts II and III. Mr. Van strongly disputes the government's anticipated argument that his sentenced should be enhanced. See discussion infra part IV. He starts by setting forth some relevant background and information.

Mr. Van also asks that the Court make a recommendation to the Bureau of Prisons that he serve his sentence at Fort Dix.

## II. BACKGROUND AND PERSONAL CHARACTERISTICS OF ANH VAN

Mr. Van's background and personal characteristics must be considered by the Court in making its sentencing determination. 18 U.S.C. § 3553(a)(1) ("”in determining the particular

sentence to be imposed, [the Court] shall consider . . . the history and characteristics of the defendant") (emphasis added). Mr. Van's challenging upbringing, efforts towards establishing himself as a contributing member of society and supporter of his family all warrant recognition and consideration in sentencing.

Mr. Van, who was born in Vietnam, endured an extraordinarily difficult young life because of the war in that country and his father's military service supporting the Americans. (PSR ¶¶ 28, 29.) This background is set forth in more detail in part III of this memorandum. Mr. Van entered young adulthood in a new country with limited education and limited English skills. *Id.* ¶¶ 27, 28. He struggled with heroin use in his early life that likely contributed to his early encounters with the criminal justice system that resulted in the criminal history that places him in category II. *Id.* ¶¶ 35, 22, 24. He independently stopped using heroin in the early 1990s, and since that time, has not used any illegal drugs. *Id.* ¶ 35.

Since his release from prison in December 2001, Mr. Van has consistently worked to support himself and his family. *Id.* ¶ 37. For a period of time, he worked for his brother at a restaurant he owned in Worcester, then worked for his cousin in his hardwood floor installation business. Id. Eventually Mr. Van opened his own company, VA Hardwood Floors, which he ran for the three years prior to his arrest in this case. *Id.* Letters from family, friends and former customers attest to Mr. Van's diligence in pursuing his business and hopes and plans for turning his life. (Letters of Support attached hereto as Exhibit 1.

Mr. Van and the woman he considers his wife, Che Che (Katherine) Yap, have two sons, age 2 and 1. *Id.* ¶ 30. Prior to his arrest, Mr. Van lived with his family and supported them financially. *Id.* Two pictures – one of Mr. Van, his wife and their first son and a second of of his

two sons together – are attached hereto as Exhibit 2. Many friends and family members talk eloquently about the fact that Mr. Van is an involved and loving father and the sadness and hardship facing the entire family as a result of Mr. Van's current incarceration.

Since his arrest, Mr. Van has been held in custody and has been a model prisoner. He works as a barber in prison and has received good reviews from his peers. PSR ¶ 37. He has also taken advantage of programs while incarcerated and has received certificates of completion for participating in substance abuse and anger management educational groups, a series of groups on interpersonal violence focusing on the impact of media on stereotypes and depersonalization, and the health services detainee education program. (Copies of Certificates attached as Exhibit 3.) He has not been the subject of any disciplinary reports and has consistently conducted himself as a model prisoner.

Numerous family and friends have also gone to lengths to express their experience of Mr. Van as a generous and supportive friend who has taken some pains to help others through troubled times and provided guidance and support to help make better lives for themselves. He has both the capacity, desire and familial and community support necessary to be a productive member of society. All of these characteristics warrant consideration as a part of this Court's sentencing decision.

## III. SPECIAL FACTORS WARRANTING A DOWNWARD DEPARTURE.

In addition to all that is outlined above the facts of this case present a compelling set of circumstances warranting a below guidelines sentence. As the Court well knows, following the Supreme Court's decision in United States v. Booker , 543 U.S. 220 (2005), the Sentencing

Guidelines are no longer binding on the Court and, as the First Circuit has explained, are "*generalizations* that can point to outcomes that may appear unreasonable to sentencing judges in particular cases[,]" United States v. Jimenez-Beltre, 440 F.3d 514 (1st Cir. 2006) (emphasis in original). At bottom, it is the Court's role to impose a sentence that is "sufficient, but not greater than necessary" to accomplish the legitimate goals of sentencing. 18 U.S.C. § 3553(a). Mr. Van contends that there are grounds for a below guidelines sentence pursuant to 18 U.S.C. § 3553(a).

The primary factor upon which he bases his argument is the extraordinary hardship and deprivation he faced as a young person, starting with his life in Vietnam and as a refugee in the Philippines. As the PSR points out, Mr. Van was born in Vietnam in 1969. (PSR ¶ 28.) Shortly thereafter, in 1972 or 1973, his father who was a soldier for the South Vietnamese, was killed. *Id.* ¶ 29. Mr. Van had a very difficult childhood. *Id.* Because Mr. Van's father was a soldier allied with the Americans, his family faced considerable hardship after the communists took over the country. *Id.* He was not able to attend school and his family was forcibly removed from their home and sent to an island. *Id.* Living conditions on the island were quite difficult and Mr. Van's family subsisted by helping people fish and, in turn, being paid in fish which they then survived on. *Id.* His brothers had to go into hiding to avoid being drafted. *Id.* At the age of fifteen, Mr. Van and his brother left Vietnam as refugees to escape these hardships. *Id.* He was a refugee in the Phillipines for two years before coming to the United States in 1986. *Id.* ¶ 32. Because of his status in Vietnam, Mr. Van received only two years of education there. *Id*. ¶ 36. Upon his arrival in the United States, at age 18, he attended one year (the tenth grade) at High School in Brighton, Massachusetts. *Id.* Following this difficult childhood, Mr. Van also struggled with the use of heroin, from 1990-1992, which he successfully managed to conquer on

his own. *Id.* ¶ 35.

While it is true that the Sentencing Guidelines "discourages" the consideration of a "disadvantaged upbringing" as a basis for departure, USSG § 5H1.12, this factor is a valid discretionary basis, under the circumstances of this case, for a sentence below the guideline range. Indeed, the Introductory Commentary to Part H notes of that while some circumstances are not ordinarily relevant, they "may be relevant to this determination in exceptional cases." It is for the Court to determine whether, under the circumstances of this case, the hardships of the defendant's background are present "to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b)(1). The First Circuit has specifically recognized that the hardships of a defendant's life, might form the basis for imposition of a sentence below the guidelines range. See United States v. Wilkerson, 411 F.3d 1, 10 (1st Cir. 2005) (remanding for reconsideration of the sentence where trial judge had not treated the guidelines as advisory and had observed that the defendant had "the most horrible young life he had seen in 17 years on the bench.").

This background should be considered in light of the circumstances of this case. 18 U.S.C. § 3553(a)(1). While any federal case must be deemed serious, in the scheme of things, the facts of this case do not warrant an overly harsh response on the part of the Court. There were no injuries, no suggestion that Mr. Van used any weapons or violence, and a relatively small amount of money (which was, it appears, actually owed to someone) was involved. These circumstances militate for a moderate sentence.

Based on the above, the substantial and unusual deprivations of Mr. Van's young life, the fact that his last conviction occurred more than 10 years prior to the incidents giving rise to the

instant charges, combined with his efforts and ability to become a productive citizen, warrant an sentence below the guideline range.

IV. ROLE IN THE OFFENSE

As noted above, Mr. Van agrees with the Probation Department's calculations of the appropriate guideline range and its determination in the PSR that there should be no adjustment based on role in the offense. (PSR ¶ 13.) By letter dated October 20, 2006, the government has indicated that it intends to argue that Mr. Van's offense level should be enhanced by 4 points under the theory that he was "the leader of a criminal activity involving five or more participants or was otherwise extensive." There is absolutely no basis for such an enhancement. As a preliminary matter, the evidence at trial was ambiguous regarding who, if anyone among the four co-defendants charged in this action, was an organizer, leader, manager or supervisor. Beyond that, it strains credulity to suggest that Mr. Van was an organizer or leader of criminal activity involving five or more participants. In support of its objection, the government suggests that, in addition to the defendants in this case, Mr. Van was a leader of "Liem from Ohio and Hop Cao of Georgia." There was no evidence Liem had any connection with Mr. Van and there was no evidence that Hop Cao was an individual over whom Mr. Van exerted a leadership role. The evidence falls far short of warranting any enhancement for role in the offense, let alone a four point adjustment.

Respectfully submitted,

/s/ C. Leonard O'Brien, Esq.

C. Leonard O'Brien (# 1886)
len@ridefense.com
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
(401) 751-5090

/s/ Inga S. Bernstein, Esq.

Inga S. Bernstein (Massachusetts BBO# 627251)
ibernstein@zrld.com
Norman S. Zalkind (Massachusetts BBO# 538880)
Zalkind, Rodriguez, Lunt & Duncan LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of November, 2006, I caused a copy of this Sentencing Memorandum, to be served by electronic means on:

James H. Leavey, Esq.
james.leavey@usdoj.gov
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Kristen Ann Mattias
kristin_mattias@rip.uscourts.gov
United States Probation Officer
United States Probation Office
Pastore Federal Building and U.S. Post Office
Two Exchange Terrace, 3rd floor
Providence, RI 02903

/s/ C. Leonard O'Brien, Esq.